**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7075**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEVON LONA LUNN, a/k/a Devon Lunn Goodwin,

Defendant - Appellant.

**No. 20-7464**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEVON LONA LUNN, a/k/a Devon Lunn Goodwin,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Williams L. Osteen, Jr., District Judge. (1:16-cr-00019-WO-4; 1:18-cv-00407-WO-JLW)

Submitted: December 29, 2020                    Decided: January 29, 2021

Before WILKINSON, MOTZ, and DIAZ, Circuit Judges.

---

Affirmed in part, dismissed in part by unpublished per curiam opinion.

---

Devon Lona Lunn, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Devon Lona Lunn seeks to appeal the district court's June 30, 2020 order accepting the recommendation of the magistrate judge and denying relief on her 28 U.S.C. § 2255 motion. Lunn also appeals from the district court's denial—in that same order—of Lunn's January 2020 motion requesting relief under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Finally, in No. 20-7464 only, Lunn appeals from the district court's September 21, 2020 judgment accepting the recommendation of the magistrate judge and denying Lunn's February 2020 motion seeking relief under the First Step Act.[1]

With respect to the district court's denial of Lunn's § 2255 motion, the denial of § 2255 relief is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion

---

[1] Additionally, Lunn's informal brief in No. 20-7464 might also be construed to challenge the district court's September 21, 2020 order denying Lunn's motion to amend. Insofar as Lunn seeks to appeal from that order, we have reviewed the order and discern no error therein.

states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Lunn has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss these appeals in part.[2]

As for the district court's denial of Lunn's January 2020 motion requesting relief under the First Step Act, we affirm for the reasons stated by the district court. *United States v. Lunn*, No. 1:16-cr-00019-WO-4 (M.D.N.C. June 30, 2020). Regarding Lunn's February 2020 motion seeking relief under the First Step Act, Lunn failed to file objections to the magistrate judge's recommendation after receiving proper notice. We thus conclude that Lunn has waived appellate review of the district court's judgment denying the February 2020 motion. *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Pursuant to the foregoing, we affirm in part and dismiss in part.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

---

[2] To the extent that Lunn's informal briefs raise claims that she did not allege in her § 2255 motion and related filings submitted to the district court, we decline to consider them. *See Berkeley Cnty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 235 (4th Cir. 2019).

[3] In No. 20-7075, we grant Lunn's motion to amend or correct her informal brief and deny Lunn's motions for the appointment of counsel and for copies of transcripts at government expense.